**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:09-CR-103-TLS |
| | ) | |
| STANLEY BENNETT | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Determine Mental Competency [ECF No. 41]. In this Motion, the Defendant requests that, pursuant to the summary and opinion provided by forensic psychologist Dr. Stephen Ross, the Court set the matter for a hearing to determine the Defendant's mental competency to properly aid counsel in preparation of a defense, to understand the nature and consequences of the proceedings, and to stand trial. Dr. Ross stated that, although he did not have grounds to conclude that the Defendant was incompetent, he believed that the Defendant's history and cognitive limitations would make it difficult for his counsel to adequately represent him in criminal proceedings. Dr. Ross recommended that the Defendant be evaluated further to determine whether any psychotropic medications might benefit him. In response to the Defendant's Motion, the Government requested that an independent psychiatric assessment and evaluation be conducted pursuant to 18 U.S.C. § 4241(b). The Court granted the Government's Motion.

A clinical psychologist conducted an independent psychological examination of the Defendant. On November 8, 2010, the Court received a Forensic Report containing the following: the Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis, prognosis, and the Defendant's mental competency

to understand the nature and circumstances of the proceedings and to assist properly in his defense. The examiner concluded that the Defendant maintains a fundamentally factual and rational understanding of his current legal proceedings and has the capacity to assist counsel in preparation of a defense strategy.

Upon receipt of the Report, which was also distributed to counsel for the Defendant and the Government, the Court conducted a telephone status conference on November 15, 2010. During the conference, the Defendant's counsel represented that the Defendant did not dispute the findings in the Report that the Defendant was mentally competent to stand trial, and he requested that the Court set the matter for trial.

Given the findings set forth in the Forensic Report, the Defendant's representation that he does not dispute those findings, and the Defendant's own written communications with this Court, the Court finds that there is no reasonable cause to believe that the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to properly assist in his defense, to understand the nature and consequences of the proceedings against him, or to stand trial, and that there is thus no basis for a hearing to determine competency. To the extent the Defendant has requested that the Court determine his mental capacity [ECF No. 41], the Court now finds that because it has not been established by a preponderance of evidence that the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to properly assist in his defense, or to understand the nature and consequences of the proceedings against him, that he is mentally competent to stand trial.

SO ORDERED on November 16, 2010.

                                                                                            s/ Theresa L. Springmann  
                                                                                            THERESA L. SPRINGMANN  
                                                                                            UNITED STATES DISTRICT COURT  
                                                                                            FORT WAYNE DIVISION